UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D. HUDKINS and WILLIAM H. BRANDSTATT,<br><br>        Plaintiffs,<br><br>   vs.<br><br>K. CLARK, et al.,<br><br>        Defendants. | **1:21-cv-01473-GSA-PC**<br><br>**ORDER SEVERING PLAINTIFFS' CLAIMS AND DIRECTING CLERK'S OFFICE TO OPEN NEW CASE FOR PLAINTIFF WILLIAM H. BRANDSTATT**<br><br>**THIRTY-DAY DEADLINE FOR PLAINTIFFS TIMOTHY D. HUDKINS AND WILLIAM H. BRANDSTATT TO EACH FILE AN AMENDED COMPLAINT IN HIS OWN CASE NOT EXCEEDING 25 PAGES TOTAL**<br><br>**THIRTY-DAY DEADLINE FOR PLAINTIFF WILLIAM H. BRANDSTATT TO SUBMIT AN APPLICATION TO PROCEED IN FORMA PAUPERIS, OR PAY THE $402.00 FILING FEE, IN HIS OWN CASE**<br><br>**ORDER FOR CLERK TO REFLECT ON THE COURT'S DOCKET THAT PLAINTIFF WILLIAM H. BRANDSTATT HAS BEEN TERMINATED FROM THIS CASE** |

**I.      BACKGROUND**

Plaintiffs, Timothy D. Hudkins and William H. Brandstatt (collectively, "Plaintiffs"), are state prisoners proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiffs filed the Complaint commencing this case on October 1, 2021.[1] (ECF No. 1.) On October 25, 2021, Plaintiff Hudkins paid the $402.00 filing fee for this case. (Court Record.)

## II.  SEVERANCE OF CLAIMS

After reviewing the Complaint, the Court has determined that each Plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party . . . [or] sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

In the Court's experience, an action brought by multiple plaintiffs proceeding *pro se* in which one or more of the plaintiffs are incarcerated presents procedural problems that can likely cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occurs when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and with other unincarcerated individuals. Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs will lead to further delay and confusion. Therefore, Plaintiffs' claims shall be severed. Plaintiff Hudkins shall proceed as the sole plaintiff in this case, and a new case shall be opened for Plaintiff Brandstatt. Gaffney v. Riverboat Serv. of Indiana, 451 F.3d 424, 441 (7th Cir. 2006). Each Plaintiff shall be solely responsible for prosecuting his own case.

Since the claims of the Plaintiffs will be severed, each of the Plaintiffs shall be given thirty days to file, in his own action, an amended complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Plaintiffs must each demonstrate in their individual amended complaints how the conditions complained of resulted in a deprivation of their constitutional rights. See Ellis v. Cassidy, 625

---

[1] Both of the Plaintiffs signed the Complaint. (ECF No. 1 at 3.)

F.2d 227 (9th Cir. 1980). Each Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 679; Moss, 572 F.3d at 969. Each amended complaint must specifically state how each named Defendant is involved. Each Plaintiff must demonstrate that each Defendant *personally* participated in the deprivation of his own rights. Jones, 297 F.3d at 934 (emphasis added).

**Each of the Plaintiffs' First Amended Complaints may not exceed 25 pages, including the pages in the form complaint and any exhibits. If typewritten, the First Amended Complaints must be double-spaced.** Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

The original Complaint in this case is 532 pages in length and includes 175 numbered exhibits. Rule 8(a) requires a plaintiff to set forth his or her claims in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorems N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. The Court (and each defendant) should be able to read and understand Plaintiff's pleading within minutes. McHenry v. Renne, 84 F.3d 1172, 1179–80 (9th Cir. 1996).

The original Complaint for this action fails to comport with Rule 8(a)'s requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." The lengthy narrative in the original Complaint does not clearly or succinctly allege facts against the

named defendants.  **Twenty-five pages, including the pages in the form complaint and any exhibits, is more than sufficient for each Plaintiff to identify his claims and set forth specific facts in support of those claims.  Furthermore, if typewritten, the First Amended Complaint must be double-spaced.**

With respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  The Court strongly suggests to Plaintiffs that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence.  If Plaintiffs' cases reach a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), they will have the opportunity at that time to submit their evidence.

Plaintiff Brandstatt shall also be required to submit an application to proceed *in forma pauperis* or pay the $402.00 filing fee for his own case, within thirty days.

Plaintiffs should note that although they have been given the opportunity to amend it is not for the purpose of adding new defendants for unrelated claims.  In addition, Plaintiffs have not been granted leave to include claims that have been exhausted prior to the initiation of this suit on October 1, 2021.

Finally, Plaintiffs are advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Each amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III.  CONCLUSION AND ORDER

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Timothy D. Hudkins shall proceed as the sole plaintiff in case number 1:21-cv-01473-GSA-PC;

2. The claims of Plaintiff William H. Brandstatt are severed from the claims of Plaintiff Timothy D. Hudkins;

3. The Clerk of Court is directed to:

   a. Open a new § 1983 civil case for Plaintiff William H. Brandstatt, T-55046, Corcoran State Prison, P.O. Box 3466, Corcoran, California 93212-3466;

   b. Assign the new case to the Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

   c. File and docket a copy of this order in the new case opened for Plaintiff William H. Brandstatt;

   d. Place a copy of the original Complaint (ECF No. 1), which was filed on October 1, 2021, in the new case opened for Plaintiff William H. Brandstatt;

   e. Send Plaintiff William H. Brandstatt an endorsed copy of the original Complaint (ECF No. 1), filed on October 1, 2021, bearing the case number assigned to his own individual case;

   f. Send Plaintiff William H. Brandstatt a § 1983 civil rights complaint form; and

   g. Send Plaintiff William H. Brandstatt an application to proceed *in forma pauperis.*

6. Within **thirty (30) days** from the date of service of this order, Plaintiffs Timothy D. Hudkins and William H. Brandstatt shall each file an amended complaint bearing his own case number;

7. Each amended complaint should be clearly and boldly titled "First Amended Complaint" and be an original signed under penalty of perjury;

8. Within **thirty (30) days** of the date of service of this order, Plaintiff William H. Brandstatt shall submit an application to proceed *in forma pauperis*, or payment of the $402.00 filing fee, in his own case; and

9. <u>The failure to comply with this order will result in a recommendation that the action be dismissed</u>.

IT IS SO ORDERED.

Dated:   **October 29, 2021**                                  **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE