UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D. HUDKINS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>K. CLARK, et al.,<br><br>　　　　　Defendants. | 1:21-cv-01473-JLT-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED, WITHOUT PREJUDICE, AS PREMATURE (ECF No. 2.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.　　BACKGROUND**

Timothy D. Hudkins ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights case under 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 1, 2021, together with a motion for preliminary injunctive relief.[1]  (ECF Nos. 1, 2.)  On March 30, 2022, Plaintiff filed the First Amended Complaint.  (ECF No. 27.)

---

[1] This case was initially filed on October 1, 2021, by two co-plaintiffs, Timothy D. Hudkins and William H.L. Brandstatt.  (ECF No. 1.)  On October 1, 2021, the two co-plaintiffs filed the motion for injunctive relief, which is now before the court.  (ECF No. 2.)  On November 1, 2021, the Court severed the two co-plaintiffs' claims and opened a new case for William H.L. Brandstatt, case number 21-cv-1600-DAD-GSA-PC.  (ECF No. 8.)  Each of the plaintiffs now proceeds with his separate individual case, and now the only plaintiff in this case is Timothy D. Hudkins.  Therefore the Court shall address the motion for injunctive relief as to only Plaintiff Timothy D. Hudkins.  On March 14, 2022, William H.L. Brandstatt filed a motion for injunctive relief in his separate case, which shall be addressed there. (See case number 21-cv-01600-DAD-GSA-PC, Doc. 15.)

1

## II. PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

## II. PLAINTIFF'S REQUEST

Plaintiff requests a court order compelling officials at Corcoran State Prison (CSP), where Plaintiff is incarcerated, to protect him from abuse, retaliation, physical violence, property abuse, cover up of wrongdoing, obstruction of access to courts, and confiscation and destruction of legal documents.

### Analysis

Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named defendants *and* the named defendants have been served with the summons and complaint. At this juncture Plaintiff's motion for preliminary injunctive relief is premature. The Court does not have personal jurisdiction or subject matter jurisdiction over the defendants because defendants have not received service of process. See Zepeda v. U.S. Immigr. & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). The First Amended Complaint, filed on March 30, 2022, remains subject to the screening provisions of § 1915A.

Therefore, court lacks jurisdiction to issue the order sought by Plaintiff. Plaintiff's motion for preliminary injunction shall be denied, with leave to re-file the motion at a later stage of the proceedings.

Plaintiff is cautioned to any further motions for preliminary injunctive relief that are filed before defendants are served with process in this case will be denied as premature.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on October 1, 2021, be DENIED without prejudice as premature.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __April 26, 2022__         __/s/ Gary S. Austin__
                                   UNITED STATES MAGISTRATE JUDGE