1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D. HUDKINS,<br><br>           Plaintiff,<br><br>     v.<br><br>K. CLARK, et al.,<br><br>           Defendants. | No.  1:21-cv-01473 JLT GSA (PC)<br><br><u>FINDINGS AND RECOMMENDATIONS</u><br><br>ORDER RECOMMENDING SUMMARY DISMISSAL AND CLOSURE OF CASE IN LIGHT OF VERIFICATION OF PLAINTIFF'S DEATH<br><br>(ECF No. 32)<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE COPY OF THIS ORDER ON OFFICE OF THE ATTORNEY GENERAL |

Plaintiff, formerly a state prisoner proceeding pro se, brought this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff paid the filing fee.  <u>See</u> 10/25/21  docket entry indicating same.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The record indicates that Plaintiff has passed away.  <u>See</u> ECF No. 32.  For this reason, as well as for those stated herein, the undersigned will recommend that this matter be summarily dismissed for lack of jurisdiction.  In addition, the Clerk of Court will be directed to serve a copy of this order on the appropriate individual at the Office of the Attorney General in Sacramento, California.

1

I.   RELEVANT FACTS

On August 14, 2024, an order sent to Plaintiff was returned to the Court marked, "Undeliverable, Inmate Deceased." See 8/5/24 docket entry.  As a result, the undersigned issued an order directing the California Department of Corrections and Rehabilitation ("CDCR") to formally verify that Plaintiff is deceased.  See ECF No. 31.

On August 20, 2024, the CDCR filed a response to the Court's order.  See ECF No. 32. The filing confirms that Plaintiff died on August 14, 2022.  Id. at 2-5.  Attached to the response is a Notice of Unusual Occurrence from California State Prison – Corcoran, where Plaintiff was incarcerated, which formally confirms that Plaintiff died on that date.[1]  See id. at 3-5.

II.   DISCUSSION

A.   Applicable Law

Normally, when a party to a case dies during an action, Federal Rule of Civil Procedure 25(a) governs the substitution of parties.  It states in relevant part:

> (1) Substitution if the Claim Is Not Extinguished.  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

"A court must have the power to decide the claim before it (subject matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." Lightfoot v. Cendant Mortgage Corp., 580 U.S. 82, 95 (2017) (citation omitted); Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation, 868 F.3d 1199, 1207 (10th Cir. 2017) (Hartz, J. concurring) (quoting Lightfoot); Greenfiled MHP Associates, L.P. v. Ametek, Inc., No. 3:15-cv-01525 GPC AGS, 2018 WL 538961, at *3 (S.D. Cal. Jan. 24, 2018) (citing Lightfoot).  "[O]ne

---

[1] The CDCR states that it is not in possession of a certificate of death or a coroner's report for Plaintiff.  ECF No. 32 at 2.

2

becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (brackets added); see also Life Technologies Corp. v. Govindaraj, 931 F.3d 259, 264 (4th Cir. 2019) (citing Murphy Bros., Inc.); Beckett v. Scalia, No. 1:20-cv-01468 CDB (PC), 2023 WL 6393083, at *1 (E.D. Cal. Oct. 2, 2023) (citing same); Doe v. Mast, No. 3:22-cv-00049, 2023 WL 4492466, at *3 (W.D. Va. July 12, 2023) (citing same).

B. Analysis

In this case, prior to Plaintiff's death, although he had paid the filing fee consistent with statutory law (see 28 U.S.C. § 1914), the matter had not been formally filed because the Court had yet to screen Plaintiff's first amended complaint[2] and determine whether any claims in it were viable and properly raised against one or more of the named Defendants. See generally ECF No. 1 at 1-3 (complaint naming several Defendants); see also O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008) (stating complaint filed only after court identifies cognizable claims); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) (stating matter not filed until fee paid or in forma pauperis status granted and matter passes statutory screening). As a result, when considering the possible substitutions of parties under Rule 25(a), there are no existing claims the extinguishment of which the Court needs to determine. In addition, there are no defendant parties upon whom any motion for substitution Plaintiff's possible successor-in-interest and/or representative could be served.

For these reasons, the undersigned will recommend that this matter be summarily dismissed for lack of jurisdiction. In addition, the Clerk of Court will be directed to serve a copy of this order on Supervising Deputy Attorney General Lawrence Bragg at the Office of the Attorney General in Sacramento, California.

---

[2] Plaintiff's original complaint was not screened because he had filed it with another plaintiff-inmate. See ECF Nos. 1 at 1 (complaint naming additional prisoner as plaintiff). As a result, in November 2021, without screening the pleading, the Court ordered the two plaintiffs, and their cases, severed. Plaintiff was ordered to file an amended complaint of his own. See ECF No. 8 at 4-5. On March 30, 2022, Plaintiff's first amended complaint was docketed. ECF No. 27.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall serve a copy of this order on R. Lawrence Bragg, Supervising Deputy Attorney General in Sacramento, California.

IT IS FURTHER RECOMMENDED that this matter be SUMMARILY DISMISSED for lack of jurisdiction,[3] and that this case be CLOSED.

IT IS SO ORDERED.

    Dated: __August 21, 2024__                 __/s/ Gary S. Austin__
                                                        UNITED STATES MAGISTRATE JUDGE

---

[3] Because there are no parties in this case, no lawful objections can be made to these findings and recommendations. Consequently, no period to file objections is provided.